IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ANOTHER JANE DOE,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIV. A. NO. 4:20-cv-00142 |
| **COMMUNITY HEALTH CHOICE** § | |
| **TEXAS, INC., NAVITUS HEALTH** § | |
| **SOLUTIONS, LLC, AND CLINT** § | |
| **DOE,** § | |
| § | |
| Defendants. § | |

**DEFENDANT COMMUNITY HEALTH CHOICE TEXAS, INC.'S
<u>RESPONSE TO PLAINTIFF'S MOTION TO REMAND</u>**

Defendant Community Health Choice Texas, Inc. ("CHC Texas"), files this Response to Plaintiff's Motion to Remand filed by Plaintiff Another Jane Doe ("Plaintiff").

**I. INTRODUCTION AND BACKGROUND**

1. Plaintiff asserts against all defendants claims arising under the Constitution of the United States. Repeatedly. As such, the case is removable to this Court pursuant to 28 U.S.C. § 1441 relating to federal question jurisdiction.

2. Plaintiff's only alleged damages in this case arise out of the alleged deprivation of her due process under the United States Constitution as a result of her alleged involuntary detention. Each cause of action alleged by Plaintiff requires that Plaintiff prove her damages. In pleading her alleged damages, Plaintiff pleads violations of the United States Constitution and other Federal statutes.

3.      While Plaintiff's Motion to Remand now attempts to disclaim her federal claims, the face of her Complaint alleges otherwise, and the case is properly before this Court. If Plaintiff's litany of conclusory statements refuting her federal allegations against Defendants as outlined in her Motion to Remand is to be credited, it does not affect jurisdiction, but only constitutes an admission that she has suffered no damages as a result of Defendant's alleged conduct.

4.      The fact of the matter is that Plaintiff *expressly* pleads that her civil and due process rights were violated when she was wrongfully civilly committed after making statements about being suicidal to Defendant Clint Doe ("Clint"), which he reported to the Houston police. Dkt. No. 1-3, Complaint at ¶¶ 5.31-5.35. Plaintiff complains that as a result of this wrongful civil commitment, Plaintiff was deprived of her due process rights and was "severely damaged by her detention." Dkt. No. 1-3, Complaint at ¶¶ 5.31; 6.2.

5.      Additionally, the Complaint asserts causes of action for defamation, "malicious and wrongful civil commitment," and intentional infliction of emotional distress. However, according to the facts as set forth in the Complaint, each of these causes of action is based entirely on the purported violations of Plaintiff's federal due process rights. *See, e.g.*, Dkt. No. 1-3, Complaint at ¶¶ 5.43; 5.31 ("Plaintiff suffered extreme emotional distress and lasting physical injuries due to being <u>in shackles</u> for almost six hours. None of Plaintiff's damages would have occurred but for the willful, wanton, and malicious acts of [Defendants]."; ("[t]he conditions of treatment for detainees under civil commitment statues is determined by the substantive due process clause of the Fourteenth

Amendment"). As such, Plaintiff's case is directly dependent on the alleged deprivations of her federal rights.

6. Additionally, not only was this case properly removed because federal claims appear on the face of the Complaint, CHC Texas also complied with the procedural requirements set forth in § 1446 to effectuate the removal. CHC Texas timely filed pleadings and provided notice, and Defendant Navitus Health Solutions, LLC joined in the removal as required by statute. Therefore, Plaintiff's motion to remand must be denied.

## II. ARGUMENT & AUTHORITIES

### A. This Court Has Federal Subject Matter Jurisdiction

7. Under 28 U.S.C. § 1441(a), a defendant may remove a state court action to federal court when one of plaintiff's claims "arises under" federal law. An action arises under federal law when the face of the "well-pleaded complaint" raises a federal issue. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-12 (1983).

8. This case was properly removed under 28 U.S.C. § 1441(a) because it arises under the laws of the United States. Specifically, Plaintiff alleges violations of her Fourteenth Amendment due process rights, and rights against excessive force under the Fourth Amendment of the United States Constitution. She also includes allegations under several federal statutes, including the Emergency Medical Treatment and Active Labor Act ("EMTALA"), the Americans with Disabilities Act ("ADA"), the Geneva Convention, and the Rehabilitation Act.

**B.      Plaintiff Asserts Federal Claims Under The Well-Pleaded Complaint Rule**

9.  A case may be removed under § 1441(a) when a federal claim appears on the face of the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff's Complaint expressly invokes federal law, including, but not limited to, her due process rights, out of which all of her alleged damages arise. The Court need not look further to determine that federal jurisdiction exists.

*1.      Plaintiff Asserts Civil And Due Process Claims Arising Under Federal Law*

10. Plaintiff raises alleged due process violations at multiple points in the operative complaint. *See, e.g.*, Complaint at ¶ 5.31 ("[t]he conditions of treatment for detainees under civil commitment statutes is determined by the substantive due process clause of the Fourteenth Amendment"); *see also* Complaint at ¶¶ 5.25, 5.33-5.35; Notice of Removal at ¶¶ 11-12.

11. Plaintiff's Motion to Remand further suggests "violations of the Fourteenth Amendment by purposefully denying Plaintiff medical care for hypertensive crisis while she remained shackled and falsely imprisoned by police." Motion for Remand at ¶ 14. Indeed, Plaintiff claims that she "was severely damaged ***by her detention***. She was physically and painfully injured, and she has both of her hands are badly damaged (sic) ***by the cuffing***." *See* Dkt. No. 1-3, Complaint at ¶ 6.2 (emphasis added). Additionally, she claims that she "suffered extreme emotional distress and lasting physical injuries ***due to being in shackles for almost six hours***[]" and that "[n]one of Plaintiff's damages would have occurred ***but for***" these alleged actions. *See* Dkt. No. 1-3, Complaint at ¶ 5.43.

12. In other words, *but for* the deprivation of her alleged due process rights, Plaintiff would not have any damages. Thus, despite Plaintiff's contention in her Motion to Remand that she "does not allege that Defendants put Plaintiff in handcuffs or were responsible for Plaintiff being put in handcuffs for six hours despite her broken hand, forty-year history of hand, wrist, and arm injury, and repeated complaints of pain[,]" these are the only damages articulated by Plaintiff against Defendants in this case. *See* Dkt. No. 7, Motion to Remand, at ¶ 10.[1]

13. Plaintiff's express invocation of federal Constitutional rights are more than mere inferences to due process rights that could fall under the State Constitution. Instead, Plaintiff's claims directly, deliberately, expressly and repeatedly implicate the United States Constitution. *See Dardeau v. W. Orange-Grove Consol. ISD,* 43 F. Supp. 2d 722, 725 (E.D. Tex. 1999) ("Here, plaintiffs' lack of express reference to the United States Constitution or section 1983 in their state petition creates considerable doubt as to whether plaintiffs asserted a federal cause of action."). No such doubt exists here. Plaintiff expressly asserts her federal due process claim appears on the face of the Complaint.

### 2. *Plaintiff Asserts Fourth Amendment Claims Arising Under Federal Law*

14. Additionally, Plaintiff's Complaint asserts violations of the Fourth Amendment, including the following complaints of excessive force and unreasonable search and seizure:

---

[1] *See also* Motion to Remand at Ex. 1, Plaintiff's letter to the Harris County Commissioners Court (stating that Defendants "should comply with legal standards so as not to traumatize, injure, and deny individuals the rights, privileges, and immunities granted by contract and the laws of Texas and ***the United States including the First, Fourth, Sixth, Eighth, and Fourteenth Amendments of the Constitution, and the disability laws of the United States***").

> 'To prevail on a Fourth Amendment excessive-force claim, a plaintiff must establish: (1) an injury; (2) that the injury resulted directly from the use of excessive force; and (3) that the excessiveness of the force was unreasonable.' A right is 'clearly established' if its contours are 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'
>
> * * *
>
> 'The security of one's privacy against arbitrary intrusion by police—which is at the core of the Fourth Amendment—is basic to a free society.' Warrantless searches of a person's body implicate the 'most personal and deep-rooted expectations of privacy. There is no question that the drawing of blood from a person's body infringes an expectation of privacy recognized by society as reasonable.' To have to continuously resist these unwarranted intrusions was very stressful.

Complaint at ¶¶ 5.31, 5.36.

15. While Plaintiff now asserts in her Motion to Remand that she does not contend that Defendants are responsible for these actions, again, the face of her Complaint says otherwise. Yes, the Plaintiff is the mistress of her pleadings. Here she chose to expressly assert violations of federal civil and due process rights and asserts claims under several federal statutes. The Court can reasonably infer from the facts alleged that Plaintiff's claims not only stem from a civil detention, but also implicate multiple federal laws and civil rights, and that she seeks damages against Defendants in connection with same. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754–55, 768 (11th Cir. 2010).

16. Furthermore, it is undisputed that the alleged federal and civil rights violations are essential to Plaintiff's damages in this case. In fact, Plaintiff references a Right to Sue Letter she received from the Department of Justice addressing these deprivations of her civil rights and explaining that discovery is "warranted to establish

Defendants' liability and Plaintiff's damages." Complaint at ¶ 4.1; *see* Motion to Remand at ¶ 8.

17. Based on the facts as alleged in the Complaint, Plaintiff suffered "extreme emotional distress and lasting physical injuries" *because* Defendants violated her federal rights. Thus, because all of Plaintiff's damages arise out of the same operative facts, Plaintiff cannot prove any damages without the alleged violations of her federal civil and due process rights. *See, e.g., Floyd v. Perry, No.* 3:02CV7438, 2002 WL 31506187, at *2 (N.D. Ohio Nov. 6, 2002) (holding that since prisoner asserted a single set of operative facts as to both federal and state bases for relief, remand was not warranted).

## C. CHC Texas' Notice Of Removal Complies With 28 U.S.C. § 1446

18. There is no dispute that CHC Texas timely and properly removed this case under 28 U.S.C. § 1446.

19. The steps for perfecting removal are set forth in 29 U.S.C. § 1446 Specifically, defendants must file a Notice of Removal in federal court along with "process, pleadings, and orders" filed in the state court. *Id*. at § 1446(a). If the defendants are served at different times, as here, this notice may be filed 30 days after the last-served defendant receives service. *Id.* at § 1446(b). Finally, the defendants must give written notice of removal to all adverse parties and file a copy of the removal notice with the state court. *Id.* at § 1446(d). Each of these requirements was met.

20. On January 15, 2020, CHC Texas filed in this Court its Notice of Removal based on federal question jurisdiction and attached the statutorily-required records from the state court file. *See* Dkt. No. 1. That same day, CHC Texas electronically filed a notice

of removal with the state court. Copies of the notice were sent to Plaintiff via certified mail. Accordingly, CHC Texas properly removed this case. Finally, Defendant Navitus Health Solutions, LLC timely joined in the notice of removal pursuant to § 1446(b).

### III. CONCLUSION

21.     Plaintiff has no legal basis for the Motion to Remand. Removal was substantively proper as Plaintiff's Complaint clearly invokes the laws of the United States, indeed the United States Constitution by name, and the CHC Texas' Notice of Removal was timely filed. For these reasons and the reasons set forth above, CHC Texas respectfully requests that the Court deny Plaintiff's Motion to Remand and grant CHC Texas such other and further relief to which it may be justly entitled.

Respectfully submitted,

By: *s/John B. Shely*
JOHN B. SHELY
State Bar No. 18215300
Southern District No. 7544
jshely@huntonak.com
HUNTON ANDREWS KURTH LLP
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4105

ATTORNEY-IN-CHARGE FOR DEFENDANT COMMUNITY HEALTH CHOICE TEXAS, INC.

OF COUNSEL:

HUNTON ANDREWS KURTH LLP
    and
KELSEY J. HOPE
State Bar No. 24092538
Southern District No. 2639626
kelseyhope@huntonak.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who are known "Filing Users."

Another Jane Doe
5927 Benning Drive
Houston, Texas 77096
*iamanotherjanedoe@gmail.com*

Timothy E. Hudson
Thompson & Knight LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
*Tim.Hudson@tklaw.com*

> */s/ John B. Shely*
> John B. Shely

121539.0000003 EMF_US 79471160v2