United States District Court
Southern District of Texas
**ENTERED**
August 23, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARGARET MITCHELL (a/k/a ANOTHER JANE DOE), | § § § | |
| Plaintiff, | § § | |
| V. | § | CIVIL ACTION NO. H-20-0142 |
| COMMUNITY HEALTH CHOICE TEXAS, INC., NAVITUS HEALTH SOLUTIONS, LLC, THE CITY OF HOUSTON, HARRIS COUNTY, THE HARRIS COUNTY HOSPITAL DISTRICT d/b/a HARRIS HEALTH SYSTEMS, and THE HARRIS CENTER FOR MENTAL HEALTH, | § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge upon referral from the District Judge are the following pending Motions: Defendant Harris County's Motion to Dismiss (Document No. 31); Defendant the Harris Center for Mental Health and IDD's Motion to Dismiss Pursuant to Rule 12(b) (Document No. 36); Defendant City of Houston's Motion for Judgment on the Pleadings (Document No. 44) and Motion to Dismiss Under FRCP 12(b)(6) (Document No. 45); and Defendants Navitus Health Solutions, LLC's and Community Health Choice Texas, Inc.'s Motion to Dismiss (Document No. 50). Having considered the motions, the responses in opposition, the additional briefing, the claims and allegations in Plaintiff's First Amended Complaint (Document No. 20), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the aforementioned Rule 12(b)(6) Motions (Document Nos. 31, 36, 45, and 50) all be GRANTED, but that the Motion for Judgment on the Pleadings (Document No. 44) be DENIED.

**I.     Introduction**

This case arises out of the mental health detention of Plaintiff Margaret Mitchell by a Houston Police Officer after she made comments/statements about suicide to Defendants Community Health Choice Texas, Inc. ("Community") and Navitus Health Solutions, Inc. ("Navitus"). Those comments/statements were made when Mitchell called to inquire about the refusal of Community to approve coverage for a prescription medication Mitchell claims she needs to treat her severe psoriasis. Mitchell alleges that she suffers from severe psoriasis that is triggered by anxiety and stress, and that she has been prescribed Otelza to treat her psoriasis. On December 10, 2018, upon learning that Community had denied coverage for Otezla, Mitchell made mention of and/or threatened suicide in a phone call she made to Community, which phone call was later transferred to a representative of Navitus Health Solutions, LLC ("Navitus"), Community's pharmacy benefit manager. Mitchell's comments about suicide prompted a representative of Navitus to contact the Houston Police Department. A Houston Police officer went Mitchell's house, where Mitchell again made comments about and/or threatened suicide. She was placed in restraints by the Houston Police Officer who, in a dialogue with Mitchell, confirmed that Mitchell had commented on, and had (current), thoughts of suicide. Mitchell was then detained pursuant to section 573 of the Texas Health and Safety Code,[1] and was taken by the Houston Police officer to

---

[1] Under § 573.001(a) of the Texas Health and Safety Code,
A peace officer, without a warrant, may take a person into custody, regardless of the age of the person, if the officer:
(1) has reason to believe and does believe that:
    (A) the person is a person with mental illness; and
    (B) because of that mental illness there is a substantial risk of serious harm to the person or to others unless the person is immediately restrained; and
(2) believes that there is not sufficient time to obtain a warrant before taking the person into custody.

the NeuroPsychiatric Center (a community crisis center owed and operated by the Harris Center for Mental Health). She remained there, in restraints and under observation, until she was taken/transferred to the Ben Taub Emergency Room, where she again remained in restraints for several hours, but was subsequently released when it was determined that she did not meet the mental health "commitment" criteria.

Mitchell, who is an attorney, but who is proceeding *pro se*, filed suit in state court against Community and Navitus for defamation, malicious prosecution, violations of Chapter 611 of the Texas Health and Safety Code, and intentional infliction of emotional distress. The case was removed to this Court where the defamation and malicious prosecution claims were dismissed upon the agreement of the parties (Document Nos. 8 & 9). Mitchell then filed, on December 11, 2020, an Amended Complaint (Document No. 20), which added claims against Harris County and the Harris County Hospital District, the City of Houston, and The Harris Center for Mental Health, for illegal restraint and excessive force under 42 U.S.C. § 1983, and an claim against the City of Houston for violations of the Americans with Disabilities Act ("ADA"). Defendants have all filed Motions to Dismiss. Two of those motions raise statute of limitations issues (Document Nos. 36 & 44). All Defendants, in addition, seek dismissal of Mitchell's claims pursuant to Rule 12(b)(6).

**II.    Standard of Review – Rule 12(b)(6)**

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

### III. Discussion – § 1983 claims

As against the City of Houston, Harris County, and the Harris Center for Mental Health, Mitchell asserts claims under 42 U.S.C. § 1983. As each of those defendants is considered a "municipality," it is the Supreme Court's decision in *Monell v. Department of Social Services*, 436

4

U.S. 658, 690 (1978) that governs the plausibility of Mitchell's § 1983 claims.

Section 1983 of Title 42 provides that any person who, under color of state law, deprives another of "any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress...." 42 U.S.C. § 1983. "Rather than creating substantive rights, § 1983 simply provides a remedy for the rights that it designates." *Johnston v. Harris County Flood Control Dist.,* 869 F.2d 1565, 1573 (5th Cir. 1989), *cert. denied,* 493 U.S.1019 (1990). To state a claim under § 1983, plaintiffs must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See Bass v. Parkwwod Hosp.,* 180 F.3d 234, 241 (5th Cir. 1999). "Because the Fourteenth Amendment protects liberty and property interests only against invasion by the state, a Section 1983 plaintiff alleging the deprivation of Due Process under the Fourteenth Amendment must also show that state action caused his injury." *Id.*

Municipalities and other local governmental bodies are "persons" within the meaning of § 1983 that may be sued directly under 42 U.S.C. § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978); *see also Languirand v. Hayden*, 717 F.2d 220, 223 (5th Cir. 1983), *cert. denied*, 467 U.S. 1215 (1984). In addition, a municipality may be sued "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690-91; *see also Languirand*, 717 F.2d at 223.

>An "official policy" needed to establish municipal liability under § 1983 is defined as:
>
>a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
>a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Johnson*, 958 F.2d at 94; *See also Bennett v. Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc), *cert. denied*, 472 U.S. 1016, 105 S. Ct. 3476 (1985). While policies that are themselves facially unconstitutional will support liability under § 1983, "facially innocuous" policies can also "support liability if [they were] promulgated with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result." *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001). In addition to identifying and offering proof of a municipal policy, a plaintiff must establish a "direct causal link between the municipal policy and the constitutional deprivation. *Monell* describes the high threshold of proof by stating that the policy must be the '"moving force' behind the violation." *Id*. at 580.

Claims under § 1983 brought in federal courts in Texas are subject to a two-year statute of limitations, with the limitations period commencing "when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Heilman v. City of Beaumont*, 638 F.App'x 363, 366 (5th Cir. 2016) (quoting *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir.1989) (citations omitted). In § 1983 cases premised on illegal restraint and/or excessive force, a cause of action generally accrues for purposes of the two year limitations period on the date the restraint and/or force was employed. *Sells v. Corely*, No. 2:20-CV-12-Z-BQ, 2020 WL 4035177, at *1 (N.D. Tex.

July 16, 2020) ("Action accrues to both false arrest and excessive force claims on the date when police applied the force and made the arrest.").

### A. Harris County

Harris County maintains in its Motion to Dismiss that there are no facts alleged that it had anything to do with Mitchell's restraint, much less a County policy that led to, or contributed to, Mitchell's restraint. Given the absence of any allegations about Harris County's involvement in the incident about which Mitchell complains in this case, Harris County maintains that Mitchell's § 1983 claim(s) is not plausible. Mitchell, while filing a response to Harris County's Motion to Dismiss, does not identify any action taken by Harris County that related or contributed to her restraint and/or detention on December 10, 2018.[2] Harris County's Motion to Dismiss (Document No. 31), is therefore well taken, and should be GRANTED.

### B. City of Houston

Defendant City of Houston argues in it Motion for Judgment on the Pleadings (Document No. 44) that Mitchell's § 1983 claims are time-barred, having been asserted by her two years and one day after the events about which she complains, and service having been effected more than two months after the limitations period expired. The City of Houston also argues, in its Motion to Dismiss Under FRCP 12(b)(6) (Document No. 45), that Mitchell has not stated a plausible § 1983 claim against it because she has not alleged any facts, other than her own alleged experience, that evidence a policy resulting in the violation of her constitutional rights. In addition, the City of

---

[2] Mitchell does allege that she remained in restraints while at Ben Taub Emergency Room (Ben Taub being a Harris County Hospital facility), but she attributes those restraints, and her continued restraint while at Ben Taub, to the Houston P:olice Officer who transported/transferred her from the Harris Center to Ben Taub.

7

Houston argues that Mitchell's allegations do not state a § 1983 claim for unlawful seizure as a matter of law, and that the use of hand restraints on her does not state a § 1983 excessive force claim as a matter of law. As for her complaints under the ADA, the City of Houston argues that Mitchell has not alleged any facts from which it could be plausibly concluded that she was disabled or that she requested an accommodation for a disability.

### 1. Limitations

As set forth above, in Texas the statute of limitations on § 1983 claims is two years from the date the cause of action accrued. Here, because Mitchell complains about her detention and restraint on December 10, 2018, the statute of limitations commenced on that date, and expired two years later, on December 10, 2020. Mitchell did not allege any claims against the City of Houston until she filed her Amended Complaint on December 11, 2020 – one day after the statute of limitations expired. Mitchell has not filed a response to the City of Houston's Motion for Judgment on the Pleadings. Despite that absence of a response, the Amended Complaint itself bears some evidence that Mitchell filed, or at least attempted to file, her Amended Complaint on December 10, 2020. Mitchell's certificate of service contains her representation that she filed the Amended Complaint on December 10, 2020. Given the Court closures and staffing irregularities occasioned during 2020, it cannot be said that the record indisputably proves that Mitchell's claims against the City of Houston are time-barred. The City of Houston's Motion for Judgment on the Pleadings (Document No. 44) should therefore be DENIED.

### 2. Rule 12(b)(6) Plausibility

The City of Houston maintains that Mitchell's claims against it are not plausible because the hand restraints (handcuffs) used upon her were not unreasonable as a matter of law, that there are insufficient allegations of an unreasonable restraint policy that affected more than her on the occasion at issue in this case, and that there are an absence of allegations that would support an essential element of an ADA claim, namely, a recognized disability. Mitchell did not file a response to the City of Houston's Motion to Dismiss, and has offered no argument or legal authority that her allegations, as against the City of Houston, are plausible. Because Mitchell's Amended Complaint contains insufficient "policy allegations" and because she has not alleged that she suffers from, or was regarded as, disabled, the City of Houston's Rule 12(b)(6) Motion to Dismiss (Document No. 45) should be GRANTED.

### C. Harris Center for Mental Health

Defendant Harris Center for Mental Health ("Harris Center") also maintains in its Motion to Dismiss that Mitchell's claims are time-barred, and not plausible. As a governmental entity established under the Texas Health and Safety Code, the Harris Center further maintains that it is a governmental entity with sovereign immunity, which has not been waived with respect to any state law claim that may have been asserted against it herein. As for the § 1983 claims, the Harris Center maintains that Mitchell has not identified any policies of Harris Health that resulted in a violation of her constitutional rights. Finally, the Harris Center maintains that Mitchell's claim(s) against it are time-barred, and that she has never sought the issuance of a summons for the Harris Center nor attempted service upon the Harris Center.

The Harris Center's limitations argument fails for the same reason set forth above. With respect to its argument that Mitchell did not attempt to effect service, the docket sheet shows that

9

the Harris Center signed a Waiver of Service on March 2, 2021 (Document No. 43). Those arguments and grounds for dismissal of Mitchell's claims are meritless.

As for the Harris Center's argument that it has sovereign immunity for any state law claim that was alleged, or attempted to be alleged, against it, the Harris Center is generally correct. As a political subdivision of the State, the Harris Center has governmental immunity for all but a very narrow range of claims not at issue herein. *See* TEX. CIV. PRAC. & REM. CODE § 101.021 ("A governmental unit in the state is liable for: (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if: (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and (B) the employee would be personally liable to the claimant according to Texas law; and (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law."). Moreover, despite the existence of such sovereign immunity, it does not appear that Mitchell has asserted any purely state law claims against the Harris Center.

With regard to the § 1983 claims, which have clearly been asserted, Mitchell has not alleged any facts from which it could be concluded that it was a Harris Center "policy" which resulted in her restraint. Instead, Mitchell's allegations made it clear that she was restrained (put in handcuffs) by a Houston Police Officer, and that she remained in handcuffs, under the Officer's supervision, while she was evaluated at both the Harris Center, and then at Ben Taub. Because the restraint about which Mitchell complains in this case was, according to Mitchell's own allegations, done by the Houston Police Officer, and not the Harris Center or pursuant to any Harris Center policy, Mitchell's

allegations do not state a plausible § 1983 claim against the Harris Center. The Harris Center's Motion to Dismiss (Document No. 36) should therefore be GRANTED.

### IV. Discussion – state law claims against Community and Navitus

Mitchell initially asserted state law claims against Community and Navitus for defamation, malicious prosecution, violations of Chapter 611 of the Texas Health and Safety Code, and intentional infliction of emotional distress. The defamation and malicious prosecution claims were dismissed by the agreement of the parties (Document No. 8 & 9), leaving only the claim for violations of Chapter 611 of the Texas Health and Safety Code for defamation, and the claim for intentional infliction of emotional distress. Defendants Community and Navitus move to dismiss those two remaining claims, arguing that neither is plausible.

#### A. Chapter 611 of the Texas Health And Safety Code

While it cannot be ascertained from Mitchell's allegations which part of Chapter 611 of the Texas Health and Safety Code is at issue, the undersigned assumes that Mitchell is complaining about Community and Navitus contacting the Houston Police Department about Mitchell's suicide comments and/or Community and Navitus' initial reluctance and/or refusal to provide Mitchell with a copy of her recorded phone call to Community and Navitus, during which she made comments about suicide. Those complaints by Mitchell arguably relate to § 611.002 of the Texas Health and Safety Code, which provides that "[c]ommunications between a patient and a professional, and records of the identity, diagnosis, evaluation, or treatment of a patient that are created or maintained by a professional, are confidential," and § 611.045 of the Texas Health and Safety Code, which provides that, "[e]xcept as otherwise provided by this section, a patient is entitled to have access to

11

the content of a confidential record made about the patient." Neither of these provisions of Chapter 611 of the Texas Health and Safety Code provide Mitchell with a cause of action on the facts alleged herein against Community and Navitus.

First, Mitchell alleges that she was, albeit belatedly, provided with a copy of the phone call she made to Community and Navitus on December 10, 2018. Second, § 611.004(a) of the Texas Health and Safety Code allows for the disclosure of confidential information if "there is a probability of imminent physical injury by the patient to the patient or others or there is a probability of immediate mental or emotional injury to the patient." The record of the phone call between Mitchell and Navitus, as well as the conversation between Mitchell and the Houston Police Officer, all of which Mitchell refers to or cites in her pleading, provided a firm basis for Navitus to contact law enforcement about Mitchell's threats of self-harm.

Because Mitchell received a copy of the record call, and because there was a undeniable basis for Navitus to have contacted law enforcement about Mitchell, there are no allegations that would support a plausible claim under § 611.002 or § 611.045 of the Texas Health and Safety Code against Community or Navitus.

### B. Intentional Infliction of Emotional Distress

To state an intentional infliction of emotional distress claim under Texas law, a plaintiff must allege: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress suffered was severe. *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993). Conduct is considered to be extreme and outrageous when the character of the act is so outrageous and the degree is so extreme as to go beyond all possible bounds of decency. *Id.* at 621. A claim

for intentional infliction of emotional distress is a "gap filler" claim under Texas law that only has viability when there are no other statutory or common law remedies available. *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005) ("intentional infliction of emotional distress is a " 'gap-filler' " tort never intended to supplant or duplicate existing statutory or common-law remedies. Even if other remedies do not explicitly preempt the tort, their availability leaves no gap to fill)*; see also Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) ("Where the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available.").

Here, the facts alleged by Mitchell vis-a-vis Community and Navitus do not state a plausible intentional infliction of emotional distress claim. That is because none of the actions Community and Navitus are alleged to have taken are extreme and outrageous. Mitchell complains that Community and Navitus refused to approve/fill her prescription of Otezla. There are no allegations – factual or otherwise – that Community and Navitus did so maliciously, or with any *intent* to cause Mitchell harm. Instead Mitchell's allegations all suggest that Community and Navitus were acting, and responding to her inquiries, based on their company policies. Mitchell additionally complains about Navitus contacting the Houston Police Department after she made comments about suicide. Navitus' conduct, in light of Mitchell's admissions in her pleadings that she did threaten suicide while speaking to a Navitus representative, cannot be considered extreme or outrageous. Because Mitchell's factual allegations do not fall within any conduct that has been considered extreme and outrageous conduct under Texas law, Mitchell has not stated a plausible intentional infliction of emotional distress claim against Community or Navitus.

Mitchell's remaining claims against Community and Navitus are not plausible and, as such,

Community and Navitus' Motion to Dismiss (Document No. 50) should be GRANTED.

## V.  Amendment

Having concluded that Mitchell's claims are not plausible, as alleged, it must also be considered whether she should be allowed an opportunity to amend her pleadings. Having considered all of Mitchell's allegations, as well as the gravamen of her complaints in this case, it appears that Mitchell could well be complaining about a "policy" or practice, employed against her, and possibly others, that subjects non-violent and fully compliant individuals who are subject to an involuntary detention under section 573 of the Texas Health and Safety Code to restraints (handcuffing and the like), when such restraints are not warranted. Mitchell sets forth allegations that the Houston Police Officer who restrained her inquired with his superiors about the need to handcuff her when she was fully compliant and was told it was "policy" to put Mitchell in restraints regardless of the circumstances and/or need. In addition, Mitchell complains that she was in restraints for several hours at the Harris Center for Mental Health and Ben Taub, all under the direction and oversight of the Houston Police Officer who detained/restrained her, before it was determined that she did not meet the mental health commitment criteria. Such allegations of restraints without need might support a § 1983 claim against the City of Houston, and Mitchell should be given one opportunity to amend her complaint in order to attempt to allege a plausible claim against the City of Houston for such. As for the § 1983 claims against Harris County and the Harris Center, and the state law claims against Defendants Community and Navitus, because there are no allegations of any Harris County involvement in the incidents about which Mitchell complains and no allegations of any policy attributable to the Harris Center, and because Mitchell

has not, and cannot, state plausible state law claims against Defendants Community and Navitus for violations of the Texas Health and Safety Code, or for intentional infliction of emotional distress, any allowed amendment should be limited to claims against the City of Houston.

VI.     **Conclusion and Recommendation**

Based on the foregoing, and the conclusion that Mitchell has not stated plausible claims against any of the defendants in this case, but should be allowed an opportunity to amend her complaint to attempt to state a plausible claim against the City of Houston under § 1983, based on its handcuffing and restraint of her, the Magistrate Judge

RECOMMENDS that Defendants' Motions to Dismiss (Document Nos. 31, 36, 45, and 50) all be GRANTED and that Defendant City of Houston's Motion for Judgment on the Pleadings (Document No. 44) be DENIED, but that Plaintiff be given one last opportunity to attempt, through amendment, a plausible § 1983 claim against Defendant City of Houston.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b). Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the

United States District Clerk.

Signed at Houston, Texas, this 23rd day of August, 2021.

_____
Frances H. Stacy
United States Magistrate Judge