United States District Court
Southern District of Texas
**ENTERED**
September 07, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARGARET MITCHELL (a/k/a ANOTHER JANE DOE), § § § Plaintiff, § § V. § § COMMUNITY HEALTH CHOICE TEXAS, § INC., NAVITUS HEALTH SOLUTIONS, § LLC, THE CITY OF HOUSTON, HARRIS § COUNTY, THE HARRIS COUNTY § HOSPITAL DISTRICT d/b/a HARRIS § HEALTH SYSTEMS, and THE HARRIS § CENTER FOR MENTAL HEALTH, § § Defendants. § | CIVIL ACTION NO. H-20-0142 |

## MEMORANDUM AND RECOMMENDATION

Pending is Defendant Harris County Hospital District d/b/a Harris Health System's Motion to Dismiss Mitchell's First Amended Complaint (Document No. 22). Although a Memorandum and Recommendation was recently entered which addressed several other motions to dismiss (Document No. 61), this motion had been improvidently terminated. That issue has now been corrected, and the docket sheet now correctly reflects that the motion is "pending."

Having considered the motion, what appears to be a response in opposition, the reply, the claims and allegations in Plaintiff's First Amended Complaint (Document No. 20), the applicable law, and the Memorandum and Recommendation entered on August 23, 2021 (Document No. 61), the Magistrate Judge further RECOMMENDS, for the reasons set forth below, that Defendant Harris County Hospital District d/b/a Harris Health System's Motion to Dismiss Mitchell's First Amended Complaint (Document No. 22) also be GRANTED.

As set out in the Memorandum and Recommendation of August 23, 2021, this case arises

out of the mental health detention of Plaintiff Margaret Mitchell by a Houston Police Officer after she made comments/statements about suicide to Defendants Community Health Choice Texas, Inc. ("Community") and Navitus Health Solutions, Inc. ("Navitus"). Those comments/statements were made when Mitchell called to inquire about the refusal of Community to approve coverage for a prescription medication Mitchell claims she needs to treat her severe psoriasis. Mitchell alleges that she suffers from severe psoriasis that is triggered by anxiety and stress, and that she has been prescribed Otezla to treat her psoriasis. On December 10, 2018, upon learning that Community had denied coverage for Otezla, Mitchell made mention of and/or threatened suicide in a phone call she made to Community, which phone call was later transferred to a representative of Navitus Health Solutions, LLC ("Navitus"), Community's pharmacy benefit manager. Mitchell's comments about suicide prompted a representative of Navitus to contact the Houston Police Department. A Houston Police officer went Mitchell's house, where Mitchell again made comments about and/or threatened suicide. She was placed in restraints by the Houston Police Officer who, in a dialogue with Mitchell, confirmed that Mitchell had commented on, and had (current), thoughts of suicide. Mitchell was then detained pursuant to section 573 of the Texas Health and Safety Code,[1] and was taken by the Houston Police officer to the NeuroPsychiatric Center (a community crisis center owed

---

[1] Under § 573.001(a) of the Texas Health and Safety Code,
A peace officer, without a warrant, may take a person into custody, regardless of the age of the person, if the officer:
(1) has reason to believe and does believe that:
    (A) the person is a person with mental illness; and
    (B) because of that mental illness there is a substantial risk of serious harm to the person or to others unless the person is immediately restrained; and
(2) believes that there is not sufficient time to obtain a warrant before taking the person into custody.

and operated by the Harris Center for Mental Health). She remained there, in restraints and under observation, until she was taken/transferred to the Ben Taub Emergency Room, where she again remained in restraints for several hours, but was subsequently released when it was determined that she did not meet the mental health "commitment" criteria.

Mitchell, who is an attorney, but who is proceeding *pro se*, filed suit in state court against Community and Navitus for defamation, malicious prosecution, violations of Chapter 611 of the Texas Health and Safety Code, and intentional infliction of emotional distress. The case was removed to this Court where the defamation and malicious prosecution claims were dismissed upon the agreement of the parties (Document Nos. 8 & 9). Mitchell then filed, on December 11, 2020, an Amended Complaint (Document No. 20), which added claims against Harris County and the Harris County Hospital District, the City of Houston, and The Harris Center for Mental Health, for illegal restraint and excessive force under 42 U.S.C. § 1983, and a claim against the City of Houston for violations of the Americans with Disabilities Act ("ADA"). She also asserted vague complaints vis-a-vis the Harris County Hospital District, without any associated cognizable legal claim, about being improperly billed for an evaluation at Ben Taub (a Harris County Hospital District facility) and being improperly evaluated while at Ben Taub.

Defendant Harris County Hospital District seeks dismissal of Mitchell's claims on several bases. First, Defendant maintains that it has governmental immunity for any common law claims, and any other claims that arise under state law. Second, Defendant maintains that Mitchell has not identified the type, or basis, for any injunctive relief. Third, Defendant maintains that it was not properly served. Fourth and finally, Defendant maintains that Mitchell has not stated plausible claims under § 1983 or the ADA.

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

Here, for essentially the same reasons set forth in the Memorandum and Recommendation entered on August 23, 2021 (Document No. 61), which is incorporated herein, Mitchell has not stated plausible § 1983 claims or a plausible ADA claim against Defendant Harris County Hospital District. Mitchell has not alleged that there is an official policy that resulted in her restraint and evaluation at Ben Taub, and Mitchell has not alleged any facts that would support a conclusion that she is, or was regarded as, disabled by the Harris County Hospital District in connection with her evaluation at Ben Taub on December 10, 2018. As for the remaining state law claims, the Harris County Hospital District, as a political subdivision of the State, has governmental immunity insofar as none of Mitchell's claims or allegations fall within the very narrow range of claims for which immunity has been waived. *See* TEX. CIV. PRAC. & REM. CODE § 101.021 ("A governmental unit in the state is liable for: (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if: (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and (B) the employee would be personally liable to the claimant according to Texas law; and (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law."). Therefore, like all of the claims and parties addressed in the Memorandum and Recommendation filed on August 23, 2021, Mitchell has not stated a plausible claim against the Harris County Hospital District.

As for the availability of an amendment, nothing alleged by Mitchell in her Amended Complaint provides any basis for determining that she could, if allowed to further amend her pleading, state a plausible claim against the Harris County Hospital District. As set forth in the

5

August 23, 2021 Memorandum and Recommendation (Document No. 61), the gravamen of Mitchell's complaints was her restraint throughout the evaluation process – first at the Harris Center and then at Ben Taub.  Mitchell alleges that the restraint (handcuffing) was done by the Houston Police Officer at her home, and continued, under his supervision, at the Harris Center, and then at Ben Taub.  There are no allegations that any Harris County Hospital District policy required or contributed to the restraint, and indeed, Mitchell alleges that once she was evaluated at Ben Taub following the transfer from the Harris Center she was released upon the determination that she did not meet the mental health commitment criteria.  As there are no allegations in Mitchell's current pleading that would support any plausible claim against the Harris County Hospital District for the events on December 10, 2018, about which Mitchell complains, the claims against the Harris County Hospital District should be dismissed without leave to amend.

Based on the foregoing, and in accord with the Memorandum and Recommendation entered on August 23, 2021, the Magistrate Judge

RECOMMENDS that Defendant Harris County Hospital District's Motions to Dismiss (Document No. 22) also be GRANTED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b). Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from

6

attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 7th day of September, 2021.

_____
Frances H. Stacy
United States Magistrate Judge